UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN DANIEL MURILLO,<br><br>    Plaintiff,<br><br> v.<br><br>STEPHEN SMITH, et al.,<br><br>    Defendants. | Case No. 25-cv-00230-JST<br><br>**ORDER OF PARTIAL SERVICE** |

Plaintiff, an inmate currently housed at Pelican Bay State Prison ("PBSP") in Soledad, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. In this order, the Court screens Plaintiff's complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

7  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

8  alleged violation was committed by a person acting under the color of state law. *See West v.*

9  *Atkins*, 487 U.S. 42, 48 (1988).

**B.   Complaint**

The complaint names as defendants the following current or former Pelican Bay State Prison ("PBSP") officials: Warden Stephen Smith, Community Resource Manager Robert Lassaco, former warden Jim Robertson, former associate warden Barneburg, K. Love, and J. Moeckly.  The complaint makes the following allegations.  Plaintiff is Muslim, but defendants Smith, Lassaco, Robertson, and Barneburg have limited his ability to practice his religion by failing to to hire an imam and making no significant efforts to do so; failing to ensure that Muslim services are provided regularly, much less every Friday as required; failing to provide a Halal diet; failing to provide the traditional foods to break the fast during Ramadan; denying requests for Muslim religious events, meals; refusing donations from outside organizations; and not allowing presentations from outside visitors.  In contrast, PBSP officials favor inmates practicing the Christian faith.  PBSP has recently hired a Protestant chaplain; allows outside Christian organizations to freely donate items such as Bibles and furniture to the prison chapel; allows the Christian groups to hold religious events; and allows outside visitors to come do activities to teach the Christian inmates.  *See generally* ECF No. 1.

Liberally construed, the complaint alleges a cognizable First Amendment free exercise claim and a cognizable Equal Protection Claim against defendants PBSP Warden Stephen Smith, Community Resource Manager Robert Lassaco, former warden Jim Robertson, and former associate warden Barneburg.  *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008) (for

1  prisoner to establish free exercise violation, he must show that prison regulation or official
2  burdened practice of religion without any justification reasonably related to legitimate penological
3  interests); *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008) (allegation of being
4  intentionally treated differently from others similarly situated without rational basis for difference
5  in treatment states cognizable equal protection claim).

6        The complaint fails to state a claim against defendants J. Moeckly or K. Love.

7        Although defendant Moeckly is named as a defendant, there are no specific allegations in
8  the body of the complaint about defendant Moeckly.  Section 1983 liability may be imposed on a
9  defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a
10 federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  While Fed. R.
11 Civ. P. 8 does not require detailed factual allegations, Plaintiff should not refer to defendants as a
12 group and should specify what each defendant did or did not do that violated his federal
13 constitutional rights.  The Court DISMISSES defendant Moeckly from this action with leave to
14 amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave
15 to amend unless pleading could not possibly be cured by the allegation of other facts).  If Plaintiff
16 chooses to file an amended complaint naming defendant Moeckly as a defendant, he must specify
17 what defendant Moeckly did or did not do that violated his federal constitutional rights.

18       Defendant Love's involvement in the relevant events arise from her review of Plaintiff's
19 grievance.  A prison official's denial of an inmate's grievance generally does not constitute
20 significant participation in an alleged constitutional violation sufficient to give rise to personal
21 liability under Section 1983.  *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS,
22 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative
23 complaint does not cause or contribute to constitutional violation).  A prisoner has no
24 constitutional right to an effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334
25 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective
26 grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no
27 legitimate claim of entitlement to a grievance procedure.").  The Court DISMISSES defendant
28 Love from this action with prejudice because amendment would be futile.  *See Leadsinger, Inc. v.*

3

1  *BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of
2  leave to amend).

**CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Pelican Bay State Prison Warden Stephen Smith, Pelican Bay State Prison Community Resource Manager Robert Lassaco, former Pelican Bay State Prison warden Jim Robertson, and former Pelican Bay State Prison associate warden Barneburg.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The Court DISMISSES defendant K. Love from this action with prejudice.

4

4.      The Court DISMISSES defendant J. Moeckly from this action with leave to amend. If Plaintiff wishes to file an amended complaint that repleads his claims against defendant J. Moeckly and addresses the deficiencies identified above, he shall file an amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 25-00230 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court's form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the defendant(s) served above and the claim(s) found cognizable below. Plaintiff may not incorporate material from the prior complaints by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in ECF No. 1 remaining the operative complaint and this action proceeding solely against the defendant(s) ordered served above, on the claim(s) found cognizable below. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

5.      As detailed above, the complaint states a cognizable First Amendment free exercise claim and a cognizable Equal Protection Claim against defendants warden Stephen Smith, community resource manager Robert Lassaco, former warden Jim Robertson, and former associate warden Barneburg.

6.      In order to expedite the resolution of this case, the Court orders as follows:

a.      No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

served concurrently with motion for summary judgment).[1]

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  7.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

8. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: July 8, 2025



_____
JON S. TIGAR
United States District Judge