UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOAQUIN DANIEL MURILLO,

Plaintiff,

v.

STEPHEN SMITH, et al.,

Defendants.

Case No. 25-cv-00230-JST

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**

Re: ECF No. 20

Plaintiff, an inmate currently housed at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights action, alleging that PBSP Warden Stephen Smith, Community Resource Manager Robert Lassaco, former warden Jim Robertson, and former associate warden Barneburg limited his ability to practice his religion in violation of the First Amendment's free exercise clause and the Equal Protection Clause. This action was filed on January 7, 2025; the parties have engaged in discovery; and the dispositive motion deadline is April 6, 2026. ECF Nos. 1, 12, 17-19. On January 26, 2026, Plaintiff filed a motion to dismiss this case, stating that while his case has merit, he lacks sufficient time to prosecute this case while also taking college rehabilitative classes and preparing for his parole board hearing. ECF No. 20. Defendants do not oppose Plaintiff's motion to dismiss. ECF No. 21. Good cause being shown, the Court GRANTS Plaintiff's request to voluntarily dismiss this case. This case is DISMISSED without prejudice.[1] Judgment is entered

---

[1] Plaintiff is advised that he must still pay the full filing fee despite the voluntary dismissal of this action. *Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009) (3d Cir. 2009) (litigant's voluntary dismissal of appeal did not entitle him to refund of fees for docketing and filing appeal); *see also Green v. Bank of Am.*, No. 2:12-CV-02093-GEB, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (collecting cases holding that voluntary dismissal of action does not entitle litigant to refund of filing fees; although cases cited concerned dismissals of appeals, reasoning in these cases apply equally to district court filings). Under the Prison Litigation Reform Act, once a prisoner is granted leave to proceed in forma pauperis, the prisoner is obligated to pay the filing

in favor of Defendants and against Plaintiff.  The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: February 2, 2026



JON S. TIGAR
United States District Judge

---

fees in full.  28 U.S.C. § 1915(b)(1); *Porter*, 564 F.3d at 180.  "The filing fee is assessed for the privilege of initiating the matter, without regard to the subsequent disposition." *Bustillos v. Hernandez*, No. 123CV01365SABPC, 2023 WL 7626936, at *1 (E.D. Cal. Nov. 14, 2023). Funds for the filing fee will continue to be deduced from income to Plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1) until his filing fee obligation is satisfied.

United States District Court
Northern District of California